# UNITED STATES DISTRICT COURT
for the

Northern District of Iowa

| | |
|---|---|
| United States of America<br>v.<br><br>Mario Nikprelaj<br><br>Defendant(s) | )<br>)<br>)<br>) Case No. 25-CR-61<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 17, 2025__ in the county of __Linn__ in the __Northern__ District of __Iowa__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46504 | Interference with flight crew members and attendants. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Craig Pfeiler, FBI Special Agent
Printed name and title

☐ Sworn to before me and signed in my presence.

☑ Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone or other reliable electronic means.

Date: 07/18/2025

_____
Judge's signature

Northern District of Iowa

MARK A. ROBERTS, United States Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Craig Pfeiler, being duly sworn, declare and state the following:

1. I am employed as a special agent with the Federal Bureau of Investigation (FBI) and have been since 2013. I graduated the FBI Academy located in Quantico, Virginia. This academy included training in criminal law, national security law, constitutional law, search and seizure, and courtroom procedure. I am currently assigned to the FBI Omaha Division, Cedar Rapids Resident Agency and was formerly assigned to the FBI Atlanta Division. As part of my duties, I regularly investigate federal criminal violations and participate in national security investigations. In my capacity as a Special Agent with the FBI, I am authorized to investigate violations of federal law, including violations aboard aircraft, and to execute warrants issued under the authority of the United States.

2. This affidavit is submitted for the purpose of establishing probable cause in support of an application for a warrant to arrest Mario Nikprelaj for a violation of Title 49, United States Code, Section 46504, interference with flight crew members and attendants.

3. This investigation is being worked jointly with the Cedar Rapids Police Department (CRPD) and the Eastern Iowa Airport Department of Public Safety (EIADPS). The information contained in this affidavit includes information gathered by myself as well as other officers. The information contained in this affidavit is drawn from information provided by other law enforcement officials and governmental agencies, my own experience and

1

training, the experience of other agents, the review of documents, and interviews with witnesses. Where statements of others are set forth in this affidavit, they are set forth in substance and are not verbatim. This affidavit contains only a summary of certain relevant facts. I have not included every fact known to me or other investigators concerning the individuals and events described in this affidavit.

## PROBABLE CAUSE

4. On July 17, 2025, I received information from an FBI Special Agent assigned to the FBI Cedar Rapids Resident Agency regarding the arrest of an unruly passenger aboard SkyWest flight 3612 which departed Omaha, Nebraska, on July 17, 2025, enroute to Detroit, Michigan. The captain of flight 3612 made an emergency landing at the Eastern Iowa Airport in Cedar Rapids, Iowa, where the passenger was arrested by CRPD Officers.

5. On July 17, 2025, I responded to the Eastern Iowa Airport and spoke with CRPD and EIADPS Officers, who identified the unruly passenger as Mario Nikprelaj. The officers identified Nikprelaj's local charges as simple assault, harassment 1st degree, disorderly conduct, and possession of prescription drugs. Nikprelaj was carrying Xanax pills secreted beneath his scrotum at the time of his arrest. Nikprelaj boarded flight 3612 with no checked baggage or carry-on luggage and was traveling on a one-way ticket from Omaha to Detroit.

6. On July 17, 2025, I interviewed the captain of flight 3612 who provided information about the flight and its crew. Flight 3612 departed Omaha, Nebraska on July 17, 2025, bound for Detroit, Michigan, and its flight crew consisted of the captain, first officer, and two flight attendants (hereinafter flight attendant 1 and flight attendant 2).

7. The captain also provided details of the events preceding Nikprelaj's arrest. After passengers boarded the aircraft, but prior to the aircraft departing the gate, flight attendant 1 notified the captain of an unruly passenger seated in the aircraft's exit row. The captain identified this passenger as "Mario." The flight attendants were able to satisfactorily control the situation, which allowed the captain to taxi away from the gate area to the runway.

8. The captain described the period of time between when the aircraft reached the runway and when the aircraft was 10,000 feet in the air as a "sterile" period, meaning no nonemergency communications were allowed between the flight attendants and the captain or first mate. During the sterile period, the captain received a nonemergency call indication from the flight attendants, which the captain did not answer. Upon reaching 10,000 feet, the captain called the flight attendants and learned Nikprelaj left his seat against the crew's instructions during the sterile period and "flipped off" the flight attendants. Nikprelaj subsequently returned to his seat and looked like he was going to fall asleep. Given this information, the captain continued the flight as planned.

9. Approximately 20 miles outside of Cedar Rapids, flight attendant 1 made an emergency call to the captain and advised Nikprelaj was attempting to open the aircraft's emergency exit door, located in the emergency exit row. Flight attendant 1 also advised Nikprelaj was fighting with other passengers aboard the aircraft. The captain told flight attendant 1 he was going to land the aircraft in Cedar Rapids in approximately fifteen minutes. The captain immediately made an emergency call to air traffic control personnel at the Eastern Iowa Airport and notified them he intended to make an emergency landing.

10. On July 17, 2025, I received air traffic control data from an Eastern Iowa Airport Department of Public Safety Officer which identified flight 3612's location at the time the captain made the emergency call as 42.06N, 91.45W, which was approximately fifteen miles northeast of the Eastern Iowa Airport. These coordinates are located in the Northern District of Iowa. A map indicating flight 3612's location at the time of the emergency call is included below for reference.

4



11. Approximately five minutes after making the emergency call to air traffic control, the captain spoke with flight attendant 2. Flight attendant 2 told the captain Nikprelaj was still attempting to open the emergency exit door and was fighting with flight attendant 1.

12. Using the aircraft's public address system, the captain instructed passengers to remain seated and follow the flight attendant's instructions. The captain instructed any passengers willing and able to assist the flight attendants to subdue Nikprelaj. Three passengers assisted the flight attendants in subduing Nikprelaj. The captain landed flight 3612 at the Eastern Iowa Airport approximately fifteen minutes after requesting the passengers' assistance.

13. After the aircraft landed, FBI Special Agents and CRPD Officers interviewed flight attendants 1 and 2 and passengers aboard the aircraft. Flight attendant 1 stated that, during the flight, Nikprelaj pushed and threatened

to kill flight attendant 1 after flight attendant 1 attempted to stop Nikprelaj from opening the emergency door. Additionally, a passenger observed flight attendant 1 instruct Nikprelaj to return to his seat. Nikprelaj became physical with flight attendant 1 and grabbed flight attendant 1's arms in response. In a post-*Miranda* statement, Nikprelaj told CRPD Officers that he smacked flight attendant 1's hand away when flight attendant 1 attempted to block Nikprelaj from walking down the aisle during a portion of the flight when he was required to be seated.

14. Based on the foregoing, my knowledge, training and experience, and that of other agents, I respectfully submit there is probable cause to believe that Mario Nikprelaj has committed a violation of Title 49, United States Code, Section 46504, interference with flight crew members and attendants.

Respectfully submitted,

Craig Pfeiler
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on this 18th day of July, 2025.

MARK A. ROBERTS
United States Magistrate Judge
Northern District of Iowa

6