IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 25-CR-61 |
| vs. | ) | |
| MARIO NIKPRELAJ, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMO REGARDING SENTENCING**

The United States provides this memorandum regarding sentencing.

## I.  CASE SUMMARY

A. Witness: SUSPO Jessica Clark

B. Exhibit: 1 – Record from Macomb County Sheriff's Office

C. Issue: Whether the Court should impose two criminal history points for defendant's juvenile adjudication at PSR ¶24?

## II.  *Sentencing*

The only issue for the Court to decide is whether should impose two criminal history points for defendant's juvenile adjudication at PSR ¶24. The parties agree on the law to be applied as summarized by the Probation Office in its response to defendant's Objection No. 4. (PSR ¶24). Essentially, because defendant was a juvenile at the time of the offense, he should receive two points for the juvenile adjudication if he was released from confinement related to the adjudication within five years of the instant offense. USSG § 4A1.2(d)(2)(A). The issue for the Court is

1

whether the record establishes by a preponderance of the evidence that defendant was released within five years of the instant offense.

In addition to the information contained in the PSR, the United States will offer a statement from the Macomb County Sheriff's Office indicating that defendant was in the jail in that county from August 25, 2020, through December 8, 2020. (Exhibit 1). The United States will also call SUSPO Clark to testify about conversations she had with multiple officials in Macomb County to clarify whether that period of incarceration was because of the adjudication at PSR ¶24. The government anticipates that SUSPO Clark will testify that officials confirmed the incarceration was credited towards satisfying the custody requirement in the adjudication. She will also testify that the term from August 25, 2020, through December 8, 2020, is less than the 141 days ordered because she was told defendant received credit off his sentence for good time.

If the Court finds that it should not score two criminal history points for PSR ¶24, the government agrees with defendant that his guideline range would be 8 to 14 months in Zone B. Whether the Court finds a 12-to-18-month, or an 8-to-14-month range applies, the government will ask the Court to sentence defendant to at least 12 months' imprisonment, within both guideline ranges. Even if the two disputed criminal history points do not apply, defendant's conduct in that juvenile adjudication remains the same. He ran from, resisted even when tasered, and fought with law enforcement officers. In fact, his history and characteristics are replete with facts that show a demonstrable disrespect for rules, for the law, and for

2

law enforcement.  His criminal history includes domestic violence and he has amassed his current criminal history score, whether it be Category IV or V, at the age of 24.  Prior sentences have not deterred him from committing more crimes or protected the public.  A real, substantive prison sentence is necessary to achieve those goals in this case.

The nature and circumstances of the offense also warrant a 12-month sentence.  While the PSR identifies only one victim by name, that victim was a 80-year-old flight attendant simply trying to do his job and keep the plane and its passengers safe.  The victim showed remarkable patience and poise in dealing with defendant.  In return, defendant pushed him, berated him, and mistreated him.

Further, defendant in essence made victims of all the passengers in the plane.  Those who could see his behavior and felt worried and fear.  Whether defendant thought he was trying to open the emergency exit door is of little import.  The understandable concern his behavior throughout the flight caused in others is the measure of his actions.  Also, those passengers who had to step-up and help control him; an assignment they certainly did not know they were signing up for when they boarded the flight.  And the inconvenience caused to all by the flight having to be diverted to Cedar Rapids.  Defendant's actions hurt many people in very real ways.  A real sentence of imprisonment is necessary to appropriately punish defendant and protect the public from such behavior in the future.

3

## *III. Conclusion*

For the reasons stated above, the government asks the Court to deny sentence defendant to at least 12-months' imprisonment.

Respectfully submitted,

LEIF OLSON
United States Attorney

By, /s/ Anthony Morfitt

ANTHONY MORFITT
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA  52401-2101
(319) 363-6333
tony.morfitt@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on January 6, 2026.

UNITED STATES ATTORNEY

BY:  /s/ mas

COPIES TO: Chris Nathan
          US Probation